FILED
2008 FEB 15 PM 4:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0447

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>IVAN ESTRADA-CAJIGAL,<br>　　　　　　　Defendant. | Magistrate Case No. _____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, United States Code,<br>Section 1326 |

The undersigned complainant, being duly sworn, states:

On or about February 14, 2008, within the Southern District of California, Defendant IVAN ESTRADA-CAJIGAL, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached affidavit, which is incorporated herein by reference.

_____
KERRI CASTILLO, SPECIAL AGENT
IMMIGRATION AND CUSTOMS ENFORCEMENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 15th DAY OF FEBRUARY, 2008

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
        v.
IVAN ESTRADA-CAJIGAL

STATEMENT OF PROBABLE CAUSE

I, Special Agent Kerri Castillo, declare under penalty of perjury that the following statement of probable cause is true to the best of my knowledge.

On September 10, 2007, ESTRADA was observed in San Diego, California. The complainant reviewed documents from ESTRADA'S alien registration file. During this review, the complainant observed a form I-213 (Record of Deportable/Inadmissible Alien). This form identifies ESTRADA as a citizen of Mexico. The complainant also observed an immigration judge's order of removal that was entered on August 10, 2004. A form I-205 (Warrant of Removal/Deportation), documenting ESTRADA'S physical removal from the United States pursuant to the aforementioned immigration judge's order, was also included in this review. This latter form indicates that ESTRADA was removed from the United States through the port at Otay Mesa, California, on August 10, 2004.

A review of the records maintained by the U.S. Department of Homeland Security yields no evidence that ESTRADA has applied for or been granted permission to lawfully return to the United States after deportation.

On February 14, 2008, ICE Agents arrested ESTRADA in San Diego, California. ICE Special Agent Vincenzo Zoni read ESTRADA his constitutional rights per "Miranda" and he stated he was willing to waive these rights and answer questions. ESTRADA stated he is a citizen of Mexico. ESTRADA stated he was deported and re-entered the United States in 2006 near Tecate, California, without inspection. ESTRADA stated he did not ask for permission to return to the United States and knew it was illegal to re-enter. Additionally, ESTRADA stated he returned to the United States because he has family here.

Executed on February 15, 2008 at  1605  p.m.

_____
KERRI CASTILLO, SPECIAL AGENT
IMMIGRATION AND CUSTOMS ENFORCEMENT

On the basis of the facts presented in this probable cause statement consisting of seven pages, I find probable cause to believe that the defendants name in this probable cause statement committed conspiracy to manufacture and possess false entry documents in violation of Title 18, United States Code, Sections 1546(a) and 2.

_____           DATE/TIME  2/15/08  4pm
UNITED STATES MAGISTRATE JUDGE